FILED
IN CLERKS OFFICE

2005 FEB 22 ᐧ P 4: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUCCI AMERICA, INC. | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LESLIE COHEN, | ) |
| ALLLUXURYBRANDS.COM, and | ) |
| GLOBAL NETWORKS, USA, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. ~~04-12537~~ (WGY)

*04-12567*

## DECLARATION OF LESLIE COHEN IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

I, Leslie Cohen, declare:

1.    I am a party to this action and am over eighteen (18) years of age. I make this declaration of my own personal knowledge on information and belief where so stated. If called as a witness, I could and would competently testify to the truth of the matters asserted herein.

2.    I am a resident of Marina Del Rey, California. I do not maintain a residence in any other state. I am owner and President of Global Networks USA, LLC ("Global"). Global is a California limited liability company with its sole office located in Marina Del Rey, California. Global operates an Internet store or website known as AllLuxuryBrands.com. Global sells women's apparel and accessories via its website. Some of the products sold by Global in the past have been Gucci products. Global has

purchased all of the Gucci products it has sold from either CityModa.com ("CityModa") or MetroLuxury.net ("Metro")

3.    Global and Metro both expressly warrant on their websites that their Gucci products are authentic. As the operator of a small Internet store, i.e. Global, I rely upon the representations and warranties of CityModa and Metro as stated on their websites and as told to me by their employees that the Gucci products Global purchases from them are in-fact authentic goods.

4.    Global's business model straightforward. Global advertises products, which prior to the start of this lawsuit included Gucci products, on its AllLuxuryBrands.com website. Global neither imports nor maintains an inventory of any products itself. Upon receiving orders for products from consumers, Global in turn purchases the desired goods from other vendors. As stated above, in the case of Gucci products, these vendors were CityModa and Metro. These vendors ship products directly to Global, which in turn reships the products to its customers.

5.    Gucci's attorneys have informed me that the Gucci products sold by CityModa and Metro are actually fake or counterfeit products. I have no information upon which to form a belief as to the truth of falsity of Gucci's allegations. However, in an effort to cooperate with Gucci, I caused Global to voluntarily remove all advertising regarding Gucci products from its website and cease all purchases of products from CityModa and Metro.

6.    From reading the complaint, I understand that Gucci alleges that I conduct business in the state of Massachusetts. This is not correct. I have never in any personal capacity conducted any business in the state of Massachusetts. Moreover, I do not:

2

- directly market any products, via any advertising medium, to consumers in Massachusetts;
- use Massachusetts as a transshipment point for products;
- own or lease any real estate in Massachusetts;
- own or lease real property of any kind in the State of Massachusetts;
- own any vehicles registered in the State of Massachusetts;
- direct any advertising specifically to the State of Massachusetts via any advertising medium for any purpose;
- have any employees, distributors, sales representatives or agents of any kind, or friends or family, in the State of Massachusetts;
- maintain a website for any purpose which allows interaction of any kind with residents of the State of Massachusetts'
- maintain an office in the State of Massachusetts;
- have any telephone numbers or facsimile numbers listed in the State of Massachusetts, nor do I have an answering or message service in the State of Massachusetts;
- have any mailing addresses in the State of Massachusetts;
- have any bank accounts in the State of Massachusetts;
- do not regularly travel to the State of Massachusetts and have not visited the state of Massachusetts in $\underline{26}$ years.

Nor am I licensed to do business in Massachusetts.

7. Moreover, my company, Global does not:
- regularly conduct business in Massachusetts;
- have agents, sales representative or distributors of any kind in Massachusetts;
- directly market any products, to consumers in Massachusetts (Global does, however, operate a website which is accessible to residents of the forum);

3

- use Massachusetts as a transshipment point for products;
- own or lease any real estate in Massachusetts;
- own any vehicles registered in the State of Massachusetts ;
- direct any advertising specifically to the State of Massachusetts;
- have any employees, distributors, sales representatives or agents in the State of Massachusetts;
- have any employees, distributors, sales representatives or agents outside of the State of Massachusetts who are authorized to conduct business within the forum;
- maintain an office in the State of Massachusetts;
- have any telephone numbers or facsimile numbers listed in the State of Massachusetts, nor does it have an answering or message service in the State of Massachusetts;
- have any mailing addresses in the State of Massachusetts;
- have any trans-shipment points in the State of Massachusetts;
- have any bank accounts in the State of Massachusetts;
- Global employees do not regularly travel to the State of Massachusetts—no Global employee has visited the state of Massachusetts in ___ years.

Global's only contact with Massachusetts, for the duration of the company's existence, have been two isolated sales to residents of the state. Global is not licensed to do business in Massachusetts.

8.   In preparing my defense against Gucci's allegations, I expect that I will call as witnesses, the owner of CityModa and Metro, one Ben Sheen, as well as other employees of these companies. I have spoken to Mr. Sheen regarding this case and he has refused to indemnify Global for any losses that may result from Gucci's allegations. I expect that Mr. Sheen, and other employees will not voluntarily appear in Massachusetts. I further expect that testimony from Mr. Sheen and other employees of CityModa and Metro

4

will be critical to establishing my defense in this case should Gucci's allegations regarding the products sold to Global by CityModa and Metro prove to true. To the best of my knowledge, Mr. Sheen and the other employees of CityModa and Metro are residents of California.

9.     The costs of defending against Gucci's lawsuit will impose severe financial hardship on me. The costs of paying travel and lodging expenses to attend hearings in Massachusetts, and any additional costs, such as transporting documentary evidence to Massachusetts, will substantially increase my costs and will further impair my ability to defend myself against Gucci's claims.

10.    I also expect that most, and likely all, documentary evidence needed to defend this lawsuit is located in California.

///

///

///

11.    I am informed and believe that Gucci is presently actively litigating at least seven cases, all in the Central District of California, as follows: *Gucci v. Jaffer*, Case No. CV 05-00705, filed Jan. 28, 2005; *Gucci v. Pieta*, Case No. CV 05-00386, filed Jan. 18, 2005; *Gucci v. Moonlight*, Case No. CV 04-09626, filed Nov. 24, 2004; *Gucci v. Mandarine*, Case No. CV 04-09625, filed Nov. 24, 2004; *Gucci v. Forever Spiga*, Case No. CV 04-09621, filed Nov. 24, 2004; and *Gucci v. Riena*, Case No. CV 04-09620, filed Nov. 24, 2004;

I declare under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct.

Executed on February 16, 2005 in Marina Del Rey, California.


Leslie Cohen

6